## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

DAVID CLAYTON,

      Petitioner,

         v.                       CAUSE NO.: 3:25-CV-512-TLS-JEM

WARDEN,

      Respondent.

### OPINION AND ORDER

David Clayton, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for dealing methamphetamine under Case No. 55D02-1912-F2-2116. Following a guilty plea, on June 30, 2021, the Morgan County, Indiana, Superior Court sentenced him to 25 years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Clayton argues that he is entitled to habeas relief because the criminal statute under which he was convicted was constitutionally overbroad. In State court, Clayton would have been required to raise this claim on his direct appeal rather than on post-conviction review. *Timberlake v. State*, 753 N.E.2d 591, 597–98 (Ind. 2001) ("Postconviction procedures do not afford a petitioner with a super-appeal, and not all issues are available . . . . If an issue was known and available, but not raised on direct appeal, it is waived."). According to the petition, Clayton did not pursue a direct appeal, so this claim appears to be untimely and procedurally defaulted. *See Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004) ("A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim."); 28 U.S.C. § 2244(d) (one-

year limitations period for habeas claims). Further, even setting aside these procedural concerns, the claim would fail on the merits.

Clayton was convicted under Indiana Code § 35-48-4-1.1(a) for dealing methamphetamine, ECF No. 1-1, and he specifically argues that the term "methamphetamine" renders the statute unconstitutional because it is facially overbroad. For this proposition, Clayton relies on *Aguirre-Zuniga v. Garland*, 37 F.4th 446 (7th Cir. 2022).

In *Aguirre-Zuniga*, the petitioner argued that his conviction under Ind. Code § 35-48-4-1.1 was not an aggravated felony that would subject him to removal for purposes of the Immigration and Nationality Act. *Id.* at 448–49. To make this determination, the Seventh Circuit employed the categorical approach, noting that "[w]hen the state statute is categorically broader than the federal definition on its face, the conviction is not an aggravated felony." *Id.* at 449–51 (cleaned up). The Seventh Circuit compared Indiana Code § 35-48-4-1.1 to its federal analog and found it to be broader. *Id.* at 451–53. The Seventh Circuit observed that Indiana had codified its Schedule II of controlled substances at Indiana Code. § 35-48-2-6 and found that "[t]he definition of methamphetamine from Schedule II proscribes the scope of [Indiana Code § 35-48-4-1.1]." *Id.* at 453. The Seventh Circuit concluded that the petitioner's State conviction did not qualify as an aggravated felony for purposes of the Immigration and Nationality Act. *Id.* at 452.

Significantly, the holding of *Aguirre-Zuniga* pertains to federal removal proceedings and has no relevance to Clayton's State conviction. The Seventh Circuit in *Aguirre-Zuniga* merely found that Indiana Code § 35-48-4-1.1 was broader than its federal analog; it did not find that Indiana Code § 35-48-4-1.1 was overly broad or that the petitioner's conviction under that statute was unconstitutional.

Perhaps even more significantly, Clayton appears to conflate the categorical approach in *Aguirre-Zuniga* with "the First Amendment doctrine of substantial overbreadth" as detailed in

*Massachusetts v. Oakes*, 491 U.S. 576, 581 (1989). "Overbreadth is a judicially created doctrine designed to prevent the chilling of protected expression." *Id.* at 584. This doctrine also has no relevance to Clayton's State conviction. No part of either Indiana Code § 35-48-4-1.1 or Indiana Code. § 35-48-2-6 could plausibly "cause persons whose expression is constitutionally protected to refrain from exercising their rights for fear of criminal sanctions." *Id.* at 581. Therefore, the claim that Indiana Code § 35-48-4-1.1 is overbroad is not a basis for habeas relief.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate whether this petition states a valid claim for a denial of a constitutional right or for encouraging Clayton to proceed further, and a certificate of appealability is denied.

For these reasons, the Court:

(1) DISMISSES the habeas petition (ECF No. 1) pursuant to Section 2254 Habeas Corpus Rule 4 because the claim is untimely, procedurally defaulted, and fails to state a claim;

(2) DENIES David Clayton a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on June 27, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT